UNITED STATES DISTRICT COURT   **FILED**
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION   2008 SEP -4  PM 3:04

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | |
|---|---|
| EMI APRIL MUSIC, INC., SKILLZ FOR SKILLZ AND PLAY MUSIK, PLAY FOR PLAY N SKILLZ MUSIC, UNIVERSAL MUSIC CORPORATION, SILHOUETTE MUSIC, WB MUSIC CORP., AIN'T NOTHING BUT FUNKIN' MUSIC, MUSIC OF WINDSWEPT, BLOTTER MUSIC, ELVIS MAMBO MUSIC, TVT MUSIC ENTERPRISES, LLC and 50 CENT MUSIC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| CKAN, INC. and AKRAM NASREDDINE, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

CIVIL ACTION NO.

**A08CA 663LY**

## COMPLAINT

Plaintiffs, complaining of the defendants, allege as follows:

1.    This is a suit for copyright infringement under Title 17, U.S.C.

Jurisdiction of this court is based upon Title 28, U.S.C., Section 1338(a).

2.    Plaintiffs allege five (5) causes of action for copyright infringement

based on the defendants' public performances of copyrighted musical compositions.

SCHEDULE A annexed to this complaint sets forth in summary form the allegations

hereinafter made with respect to the plaintiffs, their copyrighted musical compositions, and defendants' acts of infringement.

3.     Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4.     Defendant CKAN, Inc. is a Texas corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Exodus, located at 302-04 E. 6th Street, in Austin, in the State of Texas.

5.     Upon information and belief, defendant Akram Nasreddine is a resident of this District and, at all times hereinafter mentioned was and still is principal stockholder and President of defendant CKAN, Inc., with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation.  The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6.     Musical compositions were and are publicly performed at said place of business.

7.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8.     Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

2

9.      The plaintiffs named in each cause of action, including their pre-
decessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the
exclusive rights and privileges in and to the copyright of each composition listed in Column
3, and received from the Register of Copyrights a certificate of registration, identified as set
forth in Column 6.

10.     Defendants on the dates specified in Column 7, and upon information
and belief, at other times prior and subsequent thereto, infringed the copyright in each com-
position named in Column 3 by giving public performances of the compositions on
defendants' premises, for the entertainment and amusement of the patrons attending said
premises, and defendants threaten to continue such infringing performances.

11.     The performances of the plaintiffs' copyrighted musical compositions
on the dates specified in Column 7 on defendants' premises were unauthorized: neither
defendants, nor any of the defendants' agents, servants or employees, nor any performer was
licensed by, or otherwise received permission from any plaintiff or any agent, servant or
employee of any plaintiff to give such performances.

12.     In undertaking the conduct complained of in this action, defendants
knowingly and intentionally violated plaintiffs' rights. Defendants' knowledge and intent are
established by the following facts:

(a) Defendants have not sought or obtained a license agreement from
plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a per-
forming rights licensing organization of which all plaintiffs are members.

(b)  Despite numerous letters and other contacts by ASCAP representatives informing the defendants of their liability under the United States Copyright Law, defendants have continued to perform copyrighted music without permission during the hours that defendants' establishment is open to the public for business and presenting musical entertainment.

(c)  The many unauthorized performances at Exodus include the performances of the five copyrighted musical compositions upon which this action is based.

13.  At the times of the acts of infringement complained of, the plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

14.  The said wrongful acts of the defendants have caused and are causing great injury to the plaintiffs, which damage cannot be accurately computed, and unless this court restrains the defendants from the further commission of said acts, said plaintiffs will suffer irreparable injury, for all of which the said plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That defendants and all persons acting under the direction, control, permission or authority of defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in defendants' said premises, or in any place owned, controlled or conducted by defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

4

II.  That defendants be decreed to pay such statutory damages as to the court

shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty

Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each

cause of action herein.

III.  That defendants be decreed to pay the costs of this action and that a

reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Jeff A. McDaniel
So. Dist. No. 17,447
State Bar No. 13518020
**DAFFER MCDANIEL, LLP**
The Chase Bank Building
700 Lavaca, Suite 720
Austin, Texas  78701
(512) 476-1400 (voice)
(512) 703-1250 (facsimile)

ATTORNEYS FOR PLAINTIFFS

5